UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| REICH ENTERPRISE, LLC, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 6:25-CV-00040 |
| § | |
| § | |
| NATIONWIDE AFFINITY INSURANCE § | |
| COMPANY OF AMERICA § | |
| *Defendant.* | |

**PLAINTIFF'S FIRST AMENDED COMPLANT**

TO THE HONORAABLE JUDGE OF SAID COURT:

COMES NOW Reich Enterprise, LLC, (hereinafter referred to as "Plaintiff"), and pursuant to Fed. R. Civ. P. 8(a), 15(a)(2), and leave of this Court heretofore given, files this their First Amended Complaint, complaining of Defendant Nationwide Affinity Insurance Company of America, ("Defendant," "Insurer," "Allstate"), and for causes of action and grounds therefore, Plaintiff would respectfully show this Honorable Court the following:

**I.
INTRODUCTION AND BRIEF SUMMARY OF PROCEEDINGS**

1. Plaintiff commenced this case by the filing of their Original Petition in the County Court at Law 2, Court of Gregg County, Texas on January 14, 2025. (Doc. 1). Defendant removed such case to this Court on February 7, 2025, (Doc. 1), and it was assigned to this Honorable Judge. Plaintiff files this First Amended Complaint.

**III.
PARTIES**

2. Plaintiff is an individual person residing in and domiciled in Gregg County, Texas.

1

3.     Defendant is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas. It has heretofore been served with process and has generally appeared herein and removed this case to this Court. (Doc. 1).

## IV.
## JURISDICTION AND VENUE

*4.*     On February 7, 2025, this case was removed by the Defendant from the County Court at Law 2, Court of Gregg County wherein such case was Cause No. 2025-71-CCL2 styled *Reich Enterprise, LLC vs. Nationwide Affinity Insurance Company of America*. In said removing Defendant's Notice of Removal, (Doc. 1), it alleged this Court's jurisdiction over it and Plaintiff. (Id.).

5.     Plaintiff agrees with Defendant that this Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff, as citizens of Texas, and Texas non-citizen Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. Therefore, this Court has diversity jurisdiction and specific personal jurisdiction, as well as general jurisdiction, over all the Parties pursuant to 28 U.S.C. §1332(a)(1).

6.     In addition, this Court has jurisdiction over Defendant because said Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of said Defendant's business activities in the State of Texas.

7.     Venue is proper in the Eastern District of Texas, and in this Tyler Division thereof, because the insured property at issue is situated in this District and Division, the events giving rise to this lawsuit occurred therein, and the state court where the lawsuit was originally filed was located within this District and Division.

8.     While neither the Parties' agreement or stipulation nor waiver alone would vest this Court with proper jurisdiction or venue, neither Party contests either.

## V.

**CONDITIONS PRECEDENT**

9.      Plaintiff alleges that with regard to their claims against Defendant based upon breach of contract, to the extent that such are deemed necessary, all conditions precedent have occurred and/or been performed as might be required by law.

## VI.
## UNDERLYING FACTS SUPPORTING PLAINTIFF'S CLAIMS

10.     Pursuant to Fed. R. Civ. P. 8, Plaintiff herewith provides facts surrounding this matter. The provision of the following summary of facts is expressly intended to provide Defendant and this Court with an understanding of their claims and the bases therefore; and, to place said Defendant on fair notice of why they claim against it and why. Fed. R. Civ. P. 8 requires no more.

11.     At all times material to this suit, Plaintiff was the owner of Texas insurance policy ACP CP013058698149 ("Policy"), which was issued by Defendant. Such Policy was in full force and effect between the Parties at all times material to this suit and the claims Plaintiff herein asserts against Defendant.

12.     At all times material to this suit, Plaintiff owned and continues to own the insured property, a commercial property which is specifically located at 1610 US Highway 259, Kilgore, Texas 75662 ("Property").

13.     Defendant sold the Policy insuring the Property to Plaintiff, in exchange for which Plaintiff timely paid all premiums due and owing to the Defendant insurer.

14.     On or about February 11, 2024, a wind/hailstorm caused extensive damage to Plaintiff's insured Property, including structural damage to the Property.

15.     Plaintiff timely and properly and in conformity with the Policy's terms and provisions, submitted a claim pertaining to their damaged Property and personal property to Defendant based upon said Policy. Pursuant thereto, they requested Defendant to promptly investigate such claims

for damages to their stated Property sustained as a result of the storm event and to properly and promptly pay for necessary repairs, remediation and replacement of their stated losses. Upon information and belief after reasonable investigation, Defendant acknowledges receipt of such claims and assigned to them its claim number 457059-GP.

16. Defendant did inspect the Property, but neither timely nor in any way reasonably. Defendant did not and has not to this very day issued full, reasonable payment to Plaintiff for all of their claimed Property damages. Defendant, on multiple occasions, failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

17. As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Defendant underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

18. To date, Defendant continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to the Property.

19. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

20. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of said Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of said Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

21. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

22. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

23. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the undersigned attorney and law firm for representation with respect to these causes of action.

## VII.
## CLAIMS FOR RELIEF AND CAUSES OF ACTION

24. Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the Texas common law duty of good faith and fair dealing, as hereafter specified.

    A. **BREACH OF CONTRACT:**

25.     The aforementioned Texas insurance policy ACP CP013058698149 issued by Defendant to Plaintiff was, at all times material to this case, a valid, binding and enforceable written insurance Policy contract made between said Parties and each Party agreed to be bound by the terms thereof, and for which Plaintiffs paid and Defendant received good and valuable consideration, *to wit* all Policy premiums timely paid and received.

26.     Defendant's above-described Policy- and claim-related conduct and/or an intentional lack thereof, constitutes a breach of the insurance Policy contract made between Defendant and Plaintiff, for which Defendant can and should be held liable.

27.     Defendant's failure and/or refusal, as described above, to pay the adequate compensation to Plaintiffs for covered claims made, as it was obligated to do under the terms of the Policy at issue and under the laws of the State of Texas, constitutes an actionable breach of Defendant's insurance Policy contract with Plaintiffs.

28.     Defendant's actionable breach of Defendant's insurance Policy contract with Plaintiffs directly and proximately and foreseeably caused injuries and damages to Plaintiff as hereinafter stated and specified.

29.     In regard to any and all damages claims herein asserted by Plaintiff, all conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS:

30.     Each and all of the Policy claims made by Plaintiffs were claims made under the insurance Policy with Defendant regarding which said Plaintiff gave proper notice. Defendant is liable for each of said claims. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code § 542.060.

31. Defendant's failure to acknowledge receipt of Plaintiff's claims, commence investigation of the claim, and/or request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.060.

32. Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of her claims within the applicable time constraints, constitutes a non-prompt payment of the claim, pursuant to Tex. Ins. Code § 542.056.

33. Defendant's delay of the payment of Plaintiff's claims following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim, pursuant to Tex. Ins. Code § 542.058.

34. Each of the foregoing unfair settlement practices were completed knowingly by Defendant and were a producing cause of Plaintiff's injuries and damages as hereinafter stated and specified.

35. In *Agredano v. State Farm Lloyds,* 975 F.3d 504 (5th Cir. 2020), the Fifth Circuit made quite clear that in a contract/policy breach claim, the aggrieved plaintiff may seek attorney's fees and statutory permitted intertest as a matter of law, regardless of whether claims therefore have been pled or not. [See copy of said opinion attached hereto]. *See also Lee v. Liberty Ins. Corp.,* C.A. No. 3:19-CV-321-L, 2021 WL 4502323, (mem. op.), (N.D. Tex. Sept. 30, 2021), for a thorough discussion of the law applicable to this case.

### C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR CLAIM SETTLEMENT PRACTICES:

36. Defendant's knowingly misrepresenting to its claimant pertinent facts or policy provisions relating to coverage at issue as Defendant has done herein and as described above constitutes unfair claim settlement practices. Tex. Ins. Code §542.003(b)(1).

37. Defendant's failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy as Defendant has done herein and as described above constitutes unfair claim settlement practices. Tex. Ins. Code §542.003(b)(2).

38. Defendant's failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies as Defendant has done herein and as described above constitutes unfair claim settlement practices. Tex. Ins. Code §542.003(b)(3).

39. Defendant's not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear as Defendant has done herein and as described above constitutes unfair claim settlement practices. Tex. Ins. Code §542.003(b)(4).

40. Defendant's compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder as Defendant has done herein and as described above constitutes unfair claim settlement practices. Tex. Ins. Code §542.003(b)(5).

## D. **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING:**

41. Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on his Policy-based claims when said Defendant knew or should have known that liability was reasonably clear.

42. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, said Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

43. Defendant's conduct proximately caused Plaintiff's injuries and damages as hereinafter stated and specified.

## VIII.
## **PLAINTIFF'S DAMAGES**

44. Upon the trial of this case, Plaintiff will show that they have sustained damages as a result of Defendant's actionable and improper conduct. Plaintiff respectfully requests this Court and a duly empaneled jury to award the amount of loss Plaintiff has incurred in the past and will in reasonable probability incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for his injuries, damages, and losses, incurred and in reasonable probability to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned and asserted above, including but not limited to Plaintiff's actual damages, policy benefits, statutory pre-judgment interest and post-judgment interest, and reasonable attorneys' fees.

45. Plaintiff would show that all of Defendant's aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by said Plaintiff.

46. For breach of the Policy contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of her Policy-based claims, together with attorney's fees and pre-judgment interest, as provided in Texas statutory and common law.

47. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claims amounts, as well as eighteen (18) percent interest per annum on the amount of such claims as damages, together with attorney's fees, pursuant to Tex. Ins. Code § 542.060.

48. For the prosecution and collection of each and all of the foregoing claims, Plaintiffs have been compelled to engage the services of the attorney and law firm whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary

services of Plaintiff's stated attorneys in the preparation and trial of this action, including any appeals to the Texas Court of Appeals and/or the Supreme Court of Texas.

## IX.
## JURY REQUEST AND/OR DEMAND

49.     Plaintiff respectfully asserts their right, pursuant to the Seventh Amendment to the United States Constitution, for trial by jury on all issues of fact and law to which they are entitled; and, pursuant thereto they hereby respectfully request and/or demand the same. Such jury request and/or demand is timely and properly made pursuant to Fed. R. Civ. P. 38(a) and (b)(1) and Local Rule 38, (L.R. 38.1), of this Honorable Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that final judgment be rendered for them as against Defendant and that pursuant thereto they do have and recover of and from said Defendant damages as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits as provided for in Texas statutory law;

3) Treble damages, as provided for in Texas statutory law;

4) Pre-judgment interest as provided by Texas statutory law;

5) Post-judgment interest as provided by Texas statutory law;

6) Reasonable attorneys' fees as provided by Texas statutory law;

7) Costs of suit, as provided by Texas statutory law and/or federal statute, the Federal Rules of Civil Procedure and the Rules of this Court; and,

8) Such other and further relief, whether based upon statutory or common law, at law or in equity which Plaintiff may have shown himself justly entitled to receive.

Respectfully Submitted,

By: /s/ *Mikal D. Williams*
    **THE HODGE LAW FIRM, PLLC**
    **Mikal D. Williams**
    Texas Bar No. 24107965
    mwilliams@hodgefirm.com
    **Shaun W. Hodge**
    Texas Bar No. 24052995
    shodge@hodgefirm.com
    1301 Market St.
    Galveston, Texas 77550
    Telephone: (409) 762-5000
    Facsimile: (409) 763-2300

    **ATTORNEYS FOR PLAINTIFF**